UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 99¢ ONLY STORES,<br>a California corporation,<br><br>           Plaintiff,<br><br>      v.<br><br>VARIETY 99 CENTS PLUS, a California company; TOMY LE, an Individual; and DOES 1-20, INCLUSIVE,<br><br>           Defendants.<br>_____/ | CASE NO. 1:10-cv-01343-LJO-SMS<br><br>**ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>(Doc. 17) |

Plaintiff 99¢ Only Stores sought default judgment against defendants Tomy Le and Variety 99 Cents Plus.  This matter was referred to U.S. Magistrate Judge Sandra M. Snyder, pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

On June 8, 2011, the Magistrate Judge filed Findings and Recommendations that plaintiff's motion be granted, that an injunction restraining defendants' future use of the infringing mark be issued, and that an accounting be ordered to determine defendants' profits.  The Magistrate Judge recommended that this Court refrain from granting attorneys' fees.

The Findings and Recommendations were served on the parties and contained notice to the

1

parties that any objections to the Findings and Recommendations were to be filed within thirty days. On July 8, 2011, plaintiff filed its objections solely with regard to the Magistrate Judge's recommendation against a grant of attorneys' fees (Doc. 19).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations generally to be supported by the record and proper analysis; however, in light of defendants' failure to appear to defend the case, the nature of defendants' business, and the likelihood that the expense of an accounting may be grossly disproportionate to the amount of damages to be recovered from defendants, this Court finds the Magistrate Judge's recommendation to order an accounting to determine damages to be impracticable. In addition, this Court declines to adopt the Magistrate Judge's recommendation to deny attorneys' fees.

Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendations, filed June 8, 2011, are adopted in part and rejected in part and:

1. The Clerk of Court shall enter default judgment in favor of plaintiff and against defendants Variety 99 Cents Plus and Tomy Le;

2. Defendants, their officers, agents, and employees, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, are permanently enjoined and restrained from:

    a. Using, copying, simulating, or in any other way infringing on plaintiff's 99¢ marks, including all federally registered, state registered, and common law service marks, trade names, and trade dress, including but not limited to Federal Registration numbers 1,959,640; 2,401,900; 1,747,549; 1,741,928; 1,730,121; 1,712,553; 1,455,937; 1,395,427; 2,761,939; 3,132,449; 3,132,450; 3,144,871; and California State Registration numbers 23,078; 23,958; 40,745; and 42,970;

b. Displaying any signage or other business identifiers, including but not limited to building signs, directional signs, monument signs, computer templates, banners, advertising media, menus, business cards, and brochures containing prominently figured characters "99," "99¢," "$.99," or "$0.99," or any characters confusingly similar thereto as the name or part of the name of defendants' business or corporation;

c. Using "99," "99¢," "$.99," or "$0.99," or any mark confusingly similar thereto, as the name or part of the name of defendants' business or corporation, and displaying any references to "99," "99¢," "$.99," or "$0.99," or any mark confusingly similar thereto, in or in connection with defendants' business or corporate name;

d. Using the "¢" symbol to refer to "cent(s)" or "Cent(s)" as part of the name of defendants' business or on any signage as part of the name or identifier of defendants' business;

e. Using the numeral "99" as a feature of any business or corporate name;

f. Using the numeral "99" as a feature of any business identifiers, including but not limited to building signs, directional signs, monument signs, computer templates, banners, advertising media, menus, business cards, and brochures;

g. Using the numeral "99" as a stylized of fanciful numeral as part of a business name;

h. Using any of the marks from plaintiff's federally registered and common law service marks, trade names, trade dress, or anything confusingly similar to the operation of defendants' business including the signage, storefront facade, interior decor, shopping carts, bags, baskets, merchandise stickers, cash register receipts, employee aprons, shirts, and name tags vehicles, letterhead, purchase orders, company brochures and business cards, website and advertising, or confusingly similar plaintiff's other business identifiers, such as building signs, directional signs, monument signs, computer templates, banners, advertising media, and menus;

i. Using purple, pink, or blue color hues, or combinations of colors, for the mark and name of defendants' business wherever that business mark or name or both are used by defendants, including the use of the business mark or name or both on the items and places set forth in paragraph h above;

j. Referring to "99¢ store(s)" or "99¢ Store(s)" as if they were a generic term applicable to a category of deep discount or other retail stores; and

3

      k.      Using, copying, simulating, or otherwise mimicking plaintiff's trade dress;

3.      The restrictions and provisions of paragraph 2 shall remain in force in perpetuity;

4.      This Court retains jurisdiction over this matter for the purpose of making any further orders necessary or proper for the construction of this Judgment, the enforcement thereof, and the punishment of any violations thereof;

5.      The present case being exceptional, plaintiff is entitled to its reasonable attorneys' fees and costs.  Within fourteen (14) days of this order, plaintiff shall file with Magistrate Judge Sandra M. Snyder a declaration of its costs and fees incurred as a result of this litigation; and

6.      Plaintiff shall personally serve a copy of this order on defendants.  Within ten (10) days thereafter, plaintiff shall file its proof of service with the Court.

IT IS SO ORDERED.

**Dated:  July 11, 2011**                                                **/s/ Lawrence J. O'Neill**
                                                                           UNITED STATES DISTRICT JUDGE